FILED
BILLINGS DIV.

2009 JAN 7 PM 2 52

PATRICK E. DUFFY, CLERK

BY _____
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MONTANA

## BUTTE DIVISION

| | | |
|---|---|---|
| **DALE JOHN COBBAN and** | ) | |
| **HENRY D. COBBAN,** | ) | |
| | ) | **CV-07-6-BU-RFC** |
| **Plaintiff,** | ) | |
| **vs.** | ) | |
| | ) | **ORDER ADOPTING** |
| **ANACONDA DEER LODGE** | ) | **FINDINGS AND** |
| **COUNTY,  JOHN E. "JACK"** | ) | **RECOMMENDATION OF** |
| **ROCHE, TIM FRANK** | ) | **U.S. MAGISTRATE JUDGE** |
| **BARKELL, JARED JAMES BURNS,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

On September 2, 2008, United States Magistrate Judge Jeremiah Lynch

entered his Findings and Recommendation (*Doc. 71*) with respect to Defendant

Anaconda-Deer Lodge County's motion for summary judgment and a motion for

summary judgment by Defendants John Roche, Tim Barkell, and Jared Burns (all

of whom were law enforcement officers of the County at the pertinent time).

1

Magistrate Judge Lynch recommends that the County's motion should be granted and the Officers' motion should be granted in part.

Upon service of a magistrate judge's findings and recommendation, a party has 10 days to file written objections. 28 U.S.C. § 636(b)(1). In this matter, Defendant Anaconda-Deer Lodge County filed an objection on September 3, 2008. Defendants John Roche, Tim Barkell, and Jared Burns also filed objections on September 10, 2008. The objections filed by Defendants require this Court to make a *de novo* determination of those portions of the Findings and Recommendations to which objection is made. 28 U.S.C. § 636(b)(1). Defendants' objections are not well taken.

After a de novo review, the Court determines the Findings and Recommendation of Magistrate Judge Lynch are well grounded in law and fact and HEREBY ORDERS they be adopted in their entirety. Contrary to the argument asserted in the objections filed, none of the Defendants asserted any arguments establishing that they were entitled to summary judgment on the merits on any of Dale's claims advanced under Montana law or the Montana Constitution. Accordingly, the Findings and Recommendation of Magistrate Judge Lynch was proper in not addressing any of Dale's claims advanced under Montana law or the Montana Constitution.

2

**1. False Arrest and Malicious Prosecution**

Dale concedes his false arrest and malicious prosecution claims are subject

to dismissal under *Heck v. Humphrey*, 512 U.S. 477 (1994), (establishing a

limitation on the availability of a civil action for the recovery of compensatory

damages when the subject of the civil action would directly impugn the validity of

the plaintiff's prior criminal conviction).  Accordingly, the  Officers' summary

judgment motion is granted in this respect.

**2. Assault and Battery**

Dale's assault and battery claims are factually and analytically associated

with his excessive use of force claim discussed below.  A claim of excessive force

does not necessarily imply that a conviction for resisting arrest is invalid because

to determine whether the *Heck* bar applies the court must consider the precise

factual basis for the conviction as compared to the factual basis for the claim of

excessive force, and the court must consider the relative timing of the two events.

*See Smith  v. City of Hemet*, 394 F.3d 689, 699 (9th Cir. 2005) (en banc).

Dale's assault and battery claim is analogous to his excessive force claim

and, thus, the application of *Heck* to an excessive force claim under *Smith*

provides the analytical framework for the application of *Heck* to the assault and

battery claim.  The parties have not presented any evidence providing a precise

3

statement of the factual basis for Dale's no contest plea to resisting arrest, or the

factual basis for his assault and battery claims.  In the absence of a sufficient

record establishing that the factual basis for the two matters is the same, the Court

must conclude that Dale's assault and battery claims might not necessarily imply

the invalidity of his resisting arrest conviction and, therefore, are not barred by

*Heck.*  *Smith,* 394 F.3d at 696, 698 (noting the record did not reflect which acts

underlie the plaintiff's plea to resisting arrest and, therefore, an excessive force

claim would not necessarily invalidate the resisting arrest conviction).  The

Officers' motion is denied to the extent they contend Dale's assault and battery

claims are *Heck* barred.

### 3.    Eighth Amendment Claims

Dale alleges Defendants are liable for violations of his rights protected

under the Eighth Amendment to the United States Constitution.  The claim is

apparently based on Dale's medical care claims.  The Eighth Amendment,

however, does not apply in this case because its protections attach only after a

person is convicted and sentenced for a crime. *Graham v. Connor*, 490 U.S. 386,

392 n.6 (1989).  A person is not afforded any rights under the Eighth Amendment

prior to the person's criminal conviction. *Lee v. City of Los Angeles*, 250 F.3d

668, 686 (9th Cir. 2001).  A pretrial detainee's challenge to conditions of

4

confinement are, instead, evaluated under the Due Process Clause of the

Fourteenth Amendment. *Id*; *Redman v. County of San Diego*, 942 F.2d 1435, 1440

(9th Cir. 1991) (en banc), *cert. denied*, 502 U.S. 1074 (1991).

All of Dale's allegations in this case stem from conduct which occurred

prior to his conviction for resisting arrest. Dale was a pretrial detainee during the

events alleged in this action relative to his medical care claims. Accordingly, his

claims under the Eighth Amendment, and for "cruel and unusual punishment" are

not cognizable and are dismissed.

### 4. Fourteenth Amendment Medical Care Claims

Dale's claims alleging Defendants failed to provide him with adequate

medical treatment are subject to analysis under the Fourteenth Amendment. There

are strict standards for a challenge to a state actor's conduct in allegedly failing to

provide proper medical care to an individual held in custody. The Eighth

Amendment and the Fourteenth Amendment require that individuals in custody

receive adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)

(Eighth Amendment claim) and *Lolli v. County of Orange*, 351 F.3d 410, 419 (9th

Cir. 2003) (applying Eighth Amendment standards to medical care claim by

pretrial detainee under Fourteenth Amendment). *See also McGuckin v. Smith*, 974

F.2d 1050, 1059 (9th Cir. 1992) (citing *Estelle*), overruled on other grounds by

*WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997).  The appropriate inquiry into a state actor's conduct is whether he or she exhibited deliberate indifference to a serious medical need, or caused the "unnecessary and wanton infliction of pain[.]"  *McGuckin*, 974 F.2d at 1059 (quoting *Hudson v. McMillian*, 503 U.S. 1, 5 (1992)).

Dale has cited to a very limited set of facts in support of his medical care claim.  Dale asserts that following his arrest, and while he was at the jail, he "was hurting badly."  Dale's Statement of Genuine Issues (Dkt. # 58) at ¶ 46.  Dale contends that he asked Barkell "for his oxygen, pain pills and BIPAP machine," but that Barkell refused to get those items for Dale.  *Id*.  Dale does not dispute that the Officers summoned an ambulance to take him to the hospital within 45 minutes of his arrest.  While at the hospital Dale experienced "severe chest pain, back pain and leg pain," and he remained at the hospital for 48 hours. *Id*. at ¶ 48.

Under the deliberate indifference standard the Court must consider the information the Officers possessed regarding Dale's alleged medical needs, and the Officers' response to the information.  Although Dale states he was "hurting badly" he does not describe in any further detail the nature of his pain at the time he was at the jail.  As a matter of law, Dale's vague description of his pain cannot constitute a "serious medical need" as described above in *McGuckin*.

Significantly absent from Dale's statement of the facts is any evidence that he informed the Officers that he was "hurting badly," or that he informed them of any other medical condition he had. Dale has not cited any evidence indicating the Officers had knowledge of his alleged pain. Absent a serious medical need of which the Officers were aware the Court cannot conclude the Officers acted with deliberate indifference to Dale's condition.

Dale additionally refers to his request for his oxygen, his pain pills, and his BIPAP machine. Dale does not, however, cite to any evidence in the record describing why he needed those medical items. Again, Dale has failed to raise a genuine issue of material fact indicting that he had a serious medical condition which required the provision of the three items for the treatment of any condition. Dale has failed to satisfy his burden in opposing the Officers' summary judgment motion.

The only remaining factual contention with respect to Dale's medical care claim is the amount of time which expired from the time of his arrest to the time he was transported to the hospital. The alleged delay in providing hospital care for Dale was 45 minutes. This 45-minute delay, by itself, does not constitute deliberate indifference absent evidence establishing that the delay was harmful. *McGuckin*, 974 F.2d at 1060. Dale does not present any evidence suggesting that

the delay caused him any further harm and, therefore, the Officers' conduct cannot constitute deliberate indifference. The Officers' summary judgment motion is granted on Dale's medical care claims.

### 5.    Excessive Force

Dale has sufficiently raised a genuine issue of material fact on the issue of whether Roche, or any of the Officers, used excessive force on Dale. The central issue with respect to the excessive force claim is whether Dale assaulted Roche by striking him in the face, or whether Roche and the other Officers attacked Dale essentially for no reason. If the evidence viewed in the light most favorable to Dale could support a finding of excessive force, then the Officers are not entitled to summary judgment and summary judgment is denied.

### 6.    Qualified Immunity

There exist genuine issues of material facts which preclude summary judgment dismissing Dale's excessive force claim. Based on those same factual disputes summary judgment on qualified immunity is also inappropriate. *Lolli v. County of Orange*, 351 F.3d 410, 421-22 (9th Cir. 2003). In an excessive force case, the issue of whether an officer is "entitled to qualified immunity may depend in large part on factual determinations the jury will be required to make" on the merits of the claim. *Smith*, 394 F.3d at 704 n.7. Also, if Dale's version of the

events prevails then the Officers would not be entitled to summary judgment because "by 1995, the law of [the Ninth Circuit] would have put reasonable officers on notice that an 'unprovoked and unjustified attack [...]' violated clearly established constitutional rights[.]" *Lolli*, 351 F.3d 421-22 (citing *Felix*, supra). Accordingly, the Officers' alternative motion on qualified immunity is denied.

### 7.     Fifth and Sixth Amendments

The Officers move for summary judgment dismissing Dale's claims under the Fifth and Sixth Amendments to the United States Constitution. Dale does not oppose this aspect of the Officers' motion.  The Officers are entitled to summary judgment on Dale's claims under the Fifth and Sixth Amendments.

### 8.     Conspiracy Claims Under 42 U.S.C. § 1985

Dale has not responded to the Officers' summary judgment motion seeking dismissal of his § 1985 conspiracy claim. Having failed to meet his summary judgment burden of raising a genuine issue of material fact on his conspiracy claim, the Officers' motion is granted in this respect.

### ·9.     Anaconda-Deer Lodge County

Dale alleges the County is liable under 42 U.S.C. § 1983 for the alleged violations of his federal rights committed by the Officers.  Dale has failed, however, to "cite a specific pleading, deposition, answer to interrogatory,

9

admission or affidavit before the Court" to specifically identify any custom,

policy, or practice of the County. *See* L.R. 56.1(B)(2).  Dale has not identified any

conscious decision by the County to adopt a particular course of action, nor has he

identified any widespread practice that carries the force of law.  Dale's mere

assertions that an improper custom, policy or practice existed amounts to nothing

more that unsubstantiated speculation which is not sufficient to establish a genuine

issue of fact to preclude summary judgment. *Nelson v. Pima Community College*,

83 F.3d 1075, 1081-82 (9th Cir. 1996).  Absent evidence of a county's custom,

practice or policy which caused the alleged violation of constitutional rights, the

claims against the County must be dismissed. *Fogel v. Collins*, 531 F3d 824, 835

(9th Cir. 2008); *Lolli v. County of Orange*, 351 F.3d 410, 415 (9th Cir. 2003);

*Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 923 (9th Cir. 2001).

Therefore, **IT IS HEREBY ORDERED**:

1. The County's Motion for Summary Judgment is **GRANTED** and Dale's

claims under federal law advanced against the County under 42 U.S.C. § 1983,

and his claims for false arrest or imprisonment, and for malicious prosecution, are

**DISMISSED**.

2. The Officers's Motion for Summary Judgment is **GRANTED** in part, and

Dale's claims for false arrest or imprisonment, for malicious prosecution, for

conspiracy under 42 U.S.C. § 1985, and his claims under the Fifth, Sixth, Eighth,

and Fourteenth Amendments to the United States Constitution are **DISMISSED.**

The Officers' motion is **DENIED** in all other respects.

DATED this ___/___ day of January, 2009.

RICHARD F. CEBULL
UNITED STATES DISTRICT JUDGE